SUMMARY ORDER

Xiaocheng Li, a native and citizen of the People’s Republic of China, seeks review of an April 17, 2008 order of the BIA affirming the November 9, 2005 decision of Immigration Judge (“IJ”) Sandy K. Horn, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xiaocheng Li, A96 401 297 (B.I.A. Apr. 17, 2008), aff'g No. A96 401 297 (Immigr. Ct. N.Y. City Nov. 9, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005); Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, we note that Li has failed to challenge the agency’s denial of CAT relief, and therefore we deem any such challenge waived. See Shu Wen Sun v. BIA 510 F.3d 377, 378 n. 2 (2d Cir.2007) (declining to address agency’s denial of CAT relief because alien presented no argument on the issue); Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
Further, substantial evidence supports the agency’s adverse credibility finding, which was based on inconsistencies and implausibilities properly identified in the record. See 8 U.S.C. § 1158(b)(l)(B)(iii). While Li contends that the agency erred in relying on the State Department Profile on China in finding that Li’s abortion eertifi- *42 cate further undercut his credibility, we have held that such reliance is appropriate. Tu Lin v. Gonzales, 446 F.3d 395, 400 (2d Cir.2006); see also Xiao Xing Ni v. Gonzales, 494 F.3d 260, 263 (2d Cir.2007).
Li also argues that, in making the adverse credibility determination, the agency erroneously relied on an inconsistency that was not material to his asylum application. This argument is without merit, however, because the agency is permitted to consider the totality of the circumstances — including inconsistencies not material to Li’s basis for asylum — in assessing Li’s credibility. See 8 U.S.C. § 1158(b)(l)(B)(iii) (providing that an IJ may consider inconsistencies that do not “go[ ] to the heart of the applicant’s claim” in making an adverse credibility determination); see also Xiu Xia Lin, 534 F.3d at 165 (observing that the REAL ID Act’s amendments to the immigration laws apply to asylum applications filed after May 11, 2005).
Li fails to challenge the remaining inconsistencies and implausibilities forming the basis of the agency’s adverse credibility determination, and therefore we deem waived any challenge to these findings. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7. Because we cannot conclude that a reasonable factfinder would be compelled to find him credible, we find that the agency did not err in denying Li’s claims for asylum and withholding of removal. See Xiu Xia Lin, 534 F.3d at 165.
For the foregoing reasons, the petition for review is DENIED. The pending motion to proceed in forma pauperis is DISMISSED as moot. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.